Tony Clearman, Andre McGee
13967 Lemoli Ave
Hawthorne, CA 90250
310-974-0589

**PRO PER**

FILED
CLERK, U.S. DISTRICT COURT
MAR 26 2021
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GINSBURG AND JESSICA GINSBURG, <br><br> Plaintiff(s), <br><br> vs. <br><br> TONY CLEARMAN, ANDRE MCGEE AND DOES 1 TO 10, Inclusive <br><br> Defendant(s). | Case No. <br><br> LACV21-2638-DMG-Ex <br><br> NOTICE OF REMOVAL |

TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:

Please Take Notice that defendants Tony Clearman, Andre McGee ("Defendant") hereby remove to this Court the above-captioned action described further below:

I.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

NOTICE OF REMOVAL

Plaintiff, Andrew Ginsburg And Jessica Ginsburg, ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, entitled: ANDREW GINSBURG AND JESSICA GINSBURG vs TONY CLEARMAN, ANDRE MCGEE AND DOES 1 TO 10, Inclusive.

Defendant's Answer to the complaint for unlawful detainer was based on a defective Notice to quit. A copy of the relevant pleadings, i.e., summons, complaint, and Answer are attached hereto as "Exhibit A."

1. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

2. There are no other named Defendants in the action.

3. No previous request has been made for the relief requested.

4. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to U.S.C. § 1367.

 II.   FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

7. The complaint for Unlawful Detainer is subject to strict notice requirements.

8. Defendant filed the Answer to the complaint based on a Notice to Quit, that failed to comply with *Code of Civil Procedure* § 1161(2).

9. Notwithstanding said violation of *Code of Civil Procedure* § 1161(2), the Superior Court for the County of Los Angeles did not sustain the Answer.

10. Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law.

NOTICE OF REMOVAL

1  Wherefore Defendants respectfully remove this action from the California Superior Court for the
2  County of Los Angeles this Court pursuant to 28 United States Code Sections 1331 and 1441.

Dated: 3/26/21

By: /s/ Tony Clearman
    /s/ Andre McGee

Tony Clearman, Andre McGee
Defendant Pro-Per

NOTICE OF REMOVAL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/14/2020 03:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Venzant, Deputy Clerk
20IWUD00722

**SUM-130**

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TONY CLEARMAN, ANDRE MCGEE, DOES 1 TO 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANDREW GINSBURG AND JESSICA GINSBURG

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DIAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

*EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   INGLEWOOD COURTHOUSE
   ONE REGENT ST., INGLEWOOD, CA 90301

   **CASE NUMBER:**
   *(Número del caso):*

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   M.C. EARLE Bar No: 188290
   Phone: (909) 889-5151
   474 W Orange Show Rd
   San Bernardino, CA 92408

PLAINTIFF (Name): GINSBURG

DEFENDANT (Name): TONY CLEARMAN, ANDRE MCGEE

CASE NUMBER:

SUM-130

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) ☒ did not ☐ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

4. Unlawful detainer assistant (complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:
   d. County of registration:
   e. Registration no.:
   f. Registration expires on (date):

Date: (Fecha) 10/14/2020

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by (Secretario) S. Venzant , Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

5. NOTICE TO THE PERSON SERVED: You are served
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ as an occupant
   d. ☐ on behalf of (specify):
      under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☐ CCP 415.46 (occupant)        ☐ other (specify):
   a. ☐ by personal delivery on (date):

SUM-130 (Rev. September 1, 2020)
SUMMONS—UNLAWFUL DETAINER—EVICTION

Page 2 of 2

Electronically FILED by Superior Court of California, County of Los Angeles on 10/14/2020 03:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Venzant, Deputy Clerk
20IWUD00722
Assigned for all purposes to: Inglewood Courthouse, Judicial Officer: Ronald Frank

1 | MICHAEL C EARLE
2 | M. C. EARLE (SBN 188290)
  | 474 W Orange Show Rd
3 | San Bernardino, CA 92408
  | Tel: (909) 889-5151
4 | Fax: (909) 889-3900
5 | Attorneys for Plaintiff(s)
6
7
8 | INGLEWOOD SUPERIOR COURT OF THE STATE OF CALIFORINA
9 | FOR THE COUNTY OF LOS ANGELES FACILTIY-LIMITED
10 | ANDREW GINSBURG AND JESSICA GINSBURG    )
11 |                                          ) Case Number:
   |                                          ) COMPLAINT FOR FORCIBLE DETAINER
12 |          Plaintiff(s),                   )
13 | TONY CLEARMAN, ANDRE MCGEE              ) per CCP 1160(a)   amount demanded
   | AND DOES 1 to 10, Inclusive              ) limited civil case   under $10,000
14 |                                          )
15 |          Defendant(s).
   | PLAINTIFF, ANDREW GINSBURG AND JESSICA GINSBURG, ALLEGES:
16 | 1. Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1-10,
17 | inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint
18 | when he/she discovers the true names and capacities of said Defendants. Plaintiff is informed and believes
19 | that each Doe Defendant is legally responsible for the events and happening herin alleged and any damages
20 | occasioned thereby.
21 | 2. Plaintiff is informed and believes and based thereon alleges that each Defendant is the agent,
22 | employee, servant and/or partner of the remaining Defendants and in doing the acts herein alleged acted in
23 | the course and scope of such agency, employment, service and partnership property.
24 | 3. The Real Property that is the subject of this action is located at:
25 | 13967 LEMOLI AVE, HAWTHORNE, CA 90250 and is located within the jurisdiction of this court.
26 | (Hereinafter referred to as the subject property).
27 | PROOF OF SERVICE OF NOTICE
   | 20-09-0239

EX3

10/19/2020 14:43   310--297-6835   FEDEX OFFICE 0370   PAGE 08

4. At all times herein mentioned, Plaintiff was in peaceful possession of the subject property. On that date Defendants and each of them forcibly entered the subject property and took possession thereof without the expressed and/implied consent of Plaintiff. Defendants and each of them have remained in possession of the subject property ever since.

6. Pursuant to CCP 1160(a), on 9/22/2020, Plaintiff caused to be served on Defendants and each of them a Five (5) Day Notice to Quite Premises, Forcible Detainer. A true and correct copy of the Five (5) Day Notice and Proof of Service is attached hereto, marked Exhibit "A" and incorporated herein by reference.

7. The Five Day Notice expired on 09/28/2020 and Defendants and each of them have refused and continue to refuse to vacate the subject property.

8. As a direct result of the conduct of Defendants and each of them Plaintiff has sustained damages in a sum according to proof as Defendants and each of them have deprived Plaintiff of her lawful possession of the subject property.

9. The fair market daily value of the subject property is $25.00 per day.

10. The conduct of Defendants and each of them was done with malice and in conscious disregard for the rights of Plaintiff and justifies an award of statutory damages pursuant to Code of Civil Procedure § 1174 in the sum of $600.00

WHEREFORE, Plaintiff prays for a judgment against Defendants and each of them as follows:

1. A judgment awarding Plaintiff possession of the subject property;
2. General damages in a sum according to proof;
3. For daily rental damages for the period commencing 9/29/2020 through the date of entry of judgment at the rate of $25.00 per day;
4. Statutory damages pursuant to Code of Civil Procedure 1174.
5. For costs of suit; and
6. For such other and further relief that this court may deem just and proper

Dated: 10/1/2020                    MICHAEL C EARLE

PROOF OF SERVICE OF NOTICE

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: Tony Clearman; Andre McGee<br>FIRM NAME:<br>ADDRESS: 13967 Lemoli Avenue<br>CITY: Hawthorne   STATE: CA   ZIP CODE: 90250<br>E-MAIL ADDRESS (Optional):   TELEPHONE NO.: (310) 974-0589<br>ATTORNEY FOR (Name): Pro Per   FAX NO. (Optional): | UD-105<br>FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 04 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Yvette Sanders, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: ONE REGENT STREET
MAILING ADDRESS: same
CITY AND ZIP CODE: INGLEWOOD, CA 90301
BRANCH NAME: INGLEWOOD COURTHOUSE

PLAINTIFF: ANDREW GINSBURG AND JESSICA GINSBURG
DEFENDANT: TONY CLEARMAN, ANDRE MCGEE

**ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: 20IWUD00722

1. Defendant (each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs): Tony Clearman; Andre McGee
   answers the complaint as follows:

2. Check ONLY ONE of the next two boxes:
   a. ☐ Defendant generally denies each statement of the complaint. (Do not check this box if the complaint demands more than $1,000.)
   b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false (state paragraph numbers from the complaint or explain below or on form MC-025):   ☐ Explanation is on MC-025, titled as Attachment 2b(1).
      
      Paragraphs 7 thru 10
      
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (state paragraph numbers from the complaint or explain below or on form MC-025):
      ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. AFFIRMATIVE DEFENSES (NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)
   a. ☐ (nonpayment of rent only) Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ (nonpayment of rent only) Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ (nonpayment of rent only) On (date):   before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☑ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☑ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. ☑ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):
   
   (Also, briefly state in item 3k the facts showing violation of the ordinance.)
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. (A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)
   j. ☑ Other affirmative defenses are stated in item 3k.

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2012]

**ANSWER—UNLAWFUL DETAINER**

Page 1 of 2
Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov